Trovato, et al. v. Manchester, NH    CV-96-071-M    01/13/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Sylvia Trovato and Sharleen Durost,
     Plaintiffs,

     v.                                        Civil No. 96-71-M

City of Manchester, New Hampshire,
     Defendant.


**O R D E R**


This action was brought under three federal statutes protecting the rights of the disabled.  The court previously granted plaintiffs' motion for summary judgment and entered injunctive relief.  Plaintiffs filed their complaint after the defendant City of Manchester refused them permission to pave a parking space in the front of their home.  Both plaintiffs suffer from muscular dystrophy and asserted that the city's refusal violated their rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12131-12134 (West 1995); Section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794 (West Supp. 1997); and the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C.A. § 3604(f)(West 1994).  Plaintiffs now seek attorneys' fees and costs as allowed by statute.  Defendant objects.

Plaintiffs seek reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 of the ADA[1], which provides:

---

[1]    In addition, plaintiffs claim attorneys' fees under the Rehabilitation Act and the FHAA.  Given that the analysis is similar under all three statutes, the court will confine its

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

In support of their claim plaintiffs have submitted the time records of Attorneys Lynne Zygmont and Ronald Lospennato.

The defendant's objection presents two arguments:  (1) in exercising its discretion the court should choose not to award attorneys' fees, and (2) the amount sought by plaintiffs is excessive.

## 1.    The Court's Discretion to Award Attorneys' Fees

Plaintiffs are unquestionably "prevailing parties" within the meaning of the attorneys' fees provision of the ADA.  The complaint sought only injunctive and declaratory relief, both of which were awarded by this court.  Plaintiffs did not seek compensatory or punitive damages, other than attorneys' fees and costs.  Accordingly, in light of the relief that was sought, plaintiffs were highly successful.  See e.g. O'Connor v. Huard, 117 F.3d 12, 17-18 (1st Cir. 1997)(holding that district court had discretion to award attorney's fees to plaintiff who had been awarded only nominal damages because jury had granted declaratory relief which was at the "heart" of plaintiff's claim).

Essentially rearguing the merits, defendant first contends that it did not fail to reasonably accommodate the plaintiffs

---

attention to the ADA.

2

and, therefore, the court should decline to exercise its discretion to award attorneys' fees.

The court has resolved that issue. To summarize, the City of Manchester's zoning ordinance prohibits residents like plaintiffs from paving parking spaces in their front yards, with certain exceptions. Plaintiffs applied for, but were denied, a permit to build a parking space in their front yard, which they needed to assist them in accessing their home. They appealed the initial denial to the Manchester Zoning Board of Adjustment, which, after holding a hearing, denied plaintiffs' request, construing it as a request for a variance from the code.

Defendant now asserts that rather than applying for a _variance_, which would have been permanent in nature, plaintiffs should have applied for a _special exception_, which could have been withdrawn when plaintiffs moved or no longer needed the space. Under the applicable zoning code, a special exception may be granted when a resident desires to build a circular driveway in the front yard, "provided there is a substantial setback from the street line and adequate green space is provided within the circular drive." Manchester Zoning Ordinance § 7.03(6)(a)(iv). The "solution" offered by defendant had obvious flaws: (1) plaintiffs did not want to build a circular driveway, but merely a small parking space; and (2) it appears both from the size of the Trovatos' lot (their house is less than 20 feet from the sidewalk), and from the statements made by the members of the ZBA to Mr. Trovato, that the front yard was not large enough to

3

accommodate a circular driveway.  <u>See</u> Tr. ZBA Public Hearing, July 10, 1995, at 2.

Secondly the court rejects the city's argument that there was no causal connection between the federal suit, which resulted in the court awarding plaintiffs' a permanent injunction, and the city's eventual decision to allow the parking space.  <u>Cf.</u> <u>National Right to Life Political Action Committee State Fund v.</u> <u>Gardner</u>, Civil No. 96-509-M (D.N.H. July 2, 1997), slip op. at 3 ("The [injunctive relief awarded to plaintiffs] affected defendants' behavior, even if defendants now claim that they would have voluntarily agreed to the same relief without the coercive effect of a suit and court order.")  Plaintiffs' suit was both necessary to and effective in securing relief.

Accordingly, finding no merit to defendant's contentions on this issue, the court exercises its discretion to award reasonable attorneys' fees to the plaintiffs.

## 2.  Calculation of the Fees

The preferred method of calculating fee awards under 42 U.S.C. § 1988 in this circuit is the "lodestar method."  Section 1988 contains language similar to that used in the attorneys' fees provision of the ADA.  Under this approach, the court first determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  <u>Coutin v.</u> <u>Young & Rubicam Puerto Rico, Inc.</u>, 124 F.3d 331, 337 (1st Cir. 1997)(quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).

4

Excessive hours claimed by the attorneys may be reduced and more realistic rates may be assigned to hours expended. Id. (citations omitted).

A reasonable hourly rate should be determined in light of "the prevailing market rates in the relevant community." Andrade v. Jamestown Housing Auth., 82 F.3d 1179, 1190 (1st Cir. 1996)(quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The court may refer to the requesting attorney's proffer of evidence of his or her customary billing rate and of the prevailing rates in the community. Id. The court may also rely on its own knowledge of attorney's fees in the surrounding area, as well as the defense attorney's rates. Id.

Defendant argues that the hourly rates sought by plaintiffs exceed the prevailing market rate for similar services performed by lawyers with reasonably comparable skills. Attorney Zygmont, who has spent approximately seven years in practice, seeks an hourly rate of $125.00/hour. Attorney Lospennato, who has spent over 18 years in practice, seeks an hourly rate of $150.00.

In New Hampshire, the median hourly rates for attorneys with the levels of practical experience of Zygmont and Lospennato are $110.00/hour and $135.00/hour respectively. See 1996 Desktop Reference on the Economics of Law Practice in New Hampshire (1996)(attached to defendant's objection). However, Attorney Lospennato is an experienced litigator with particular skill in the field of law relevant to this matter, and Ms. Zygmont likewise is particularly skilled in civil rights and disability

5

rights law.  The hourly rates sought are reasonable, and in fact
would be more than reasonable if charged a private fee-paying
client.

Defendant also contends that the number of hours claimed by
Attorneys Zygmont and Lospennato is duplicative and excessive.
In particular, defendant challenges the 59 hours (by defendant's
calculation) claimed for preparation of the plaintiffs' motions
for summary judgment and for preliminary injunction.

By the court's calculation, Attorney Lospennato records that
he spent a total of 15.5 hours working on the summary judgment
and preliminary injunction memoranda, not including the 2.25
hours spent meeting with Zygmont to discuss strategy relative to
these memoranda.  Zygmont spent approximately 40.25 hours, again
not including time spent discussing strategy.  Given that similar
issues were raised in both motions, the court agrees that the
total time spent on preparation was slightly more than reasonably
required, but not unduly so given that the issues raised were
complex and somewhat novel.  The court will reduce the number of
compensable hours by 3.1 hours for Attorney Lospennato and by 8
hours for Attorney Zygmont.  This calculation also takes into
account some apparently duplicative work.

Now turning to the lodestar:  Attorney Lospennato's total
hours become 26 hours minus 3.1 hours = 22.9 hours.  Attorney
Zygmont's becomes 115.65 minus 8 hours = 107.65 hours.
Therefore, Lospennato's total fee is $3,435.00 (22.9 hours x
$150/hour); and Zygmont's total fee is $13,456.25 (107.65 hours x

6

$125/hour).  Combined, using the lodestar method, the total attorneys' fees allowed is $16,891.25.

The lodestar computation may be adjusted under certain circumstances.  See Coutin, 124 F.3d at 337-38.  For example, the court may inquire into the course of settlement negotiations. See id. at 341.

The city argues that on or about July 15, 1996, it offered to settle the case for substantially the same relief eventually granted by the court, but that offer excluded any amount for attorneys' fees, and, came long after plaintiffs expressed their willingness to settle for that simple relief and no fees.  And, to obtain the relief, plaintiffs had to go forward to prepare extensive legal pleadings.

Accordingly, the court finds it unnecessary to depart from its initial lodestar determination, and award the plaintiffs $16,891.25 in attorneys' fees.


**CONCLUSION**

Plaintiffs' motion for attorneys' fees and costs (document no. 22) is granted in part as explained herein.  Attorneys' fees are awarded in the amount of $16,891.25.

**SO ORDERED.**


                                   _____
                                   Steven J. McAuliffe
                                   United States District Judge

January 13, 1998

cc:  Lynne J. Zygmont, Esq.
     Thomas I. Arnold, III, Esq.

8